**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2006 JUN -9 PM 3: 21

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO FLORIDA

**AOK GLOBAL PRODUCTS, LTD.** and
**STRATEGIX, LLC,**
a Florida Corporation.

    Plaintiff,

CASE NO.:

6:06-cv-791-Orl-31DAB

**FERNO-WASHINGTON, INC.**
an Ohio Corporation.

    Defendant.

_____/

**COMPLAINT FOR PATENT INFRINGMENT**
**JURY TRIAL AND INJUNCTIVE RELIEF REQUESTED**

Plaintiff AOK GLOBAL PRODUCTS, LTD., and STRATEGIX, LLC, herby sues the Defendant, FERNO-WASHINGTON, INC, and as grounds therefore alleges as follows:

**PARTIES, JURISDICTION and VENUE**

1.    Plaintiff AOK GLOBAL PRODUCTS, LTD. (hereinafter referred to as "AOK"), is a Delaware Corporation with its principal place of business located at 940 Grand Boulevard, Deer Park, NY 11729.

2. Plaintiff STRATEGIX, LLC, (hereinafter referred to as "STRATEGIX"), is a Florida corporation having its principal place of business located at 385 East Drive, Melbourne, Florida, 32904.

3. On information and belief Defendant FERNO-WASHINGTON, INC., (hereinafter referred to as "FERNO"), is an Ohio Corporation having its principle place of business located at 70 Weil Way. Wilmington, Ohio, 45177.

4. On information and belief, FERNO conducts business within this State and/or judicial district; has committed a tortious act within this State and/or judicial district, including acts of infringement, within this State and/or judicial district; and, engages in substantial and not isolated activity within this state and/or this judicial district.

5. This Court has subject matter jurisdiction for all counts pursuant to 28 U.S.C. §1338(a).

6. Venue is proper in the Middle District of Florida under 28 U.S.C. §§1391(b) and (c), and 28 U.S.C. §1400(b), and in this Division pursuant to Local Rule 1.02 of the United States District Court for the Middle District of Florida.

## FACTS COMMON TO ALL COUNTS

7. On August 16, 1994, the United States Patent Office issued a patent to Henry Medina for a COLLAPSIBLE WHEELCHAIR, U.S. Patent No. 5,388,048 (the "'048 Patent"). The '048 Patent discloses and claims a wheelchair and/or carriage, which is specifically adapted to move down stairs; and more specifically, well suited for

2

use in emergency situations. A true and correct copy of the '048 Patent is attached hereto as Exhibit "A".

8. On May 13, 2003, the United States Patent Office issued a patent to Henry Medina for a COLLAPSIBLE CHAIR, U.S. Patent No. 6,561,524 B1 (the "'524 Patent"). The '524 Patent describes and claims collapsible chairs specifically designed to transport people down stairs. A true and correct copy of the '524 Patent is attached hereto as Exhibit "B".

9. AOK is the owner of legal title to the '048 Patent and the '524 Patent through assignment which has been recorded with the United States Patent and Trademark Office. A true and correct copy of the assignment is attached hereto as "Exhibit C".

10. STRATEGIX is a licensee of AOK for manufacturing and sales of products covered by one or more claims of the subject patents.

11. On information and belief, Defendant FERNO is in the business of selling emergency response equipment. .

12. On information and belief Defendant FERNO knowingly and willfully provides collapsible chairs which are designed to transport people down stairs in emergency situations as disclosed and claimed in the '048 Patent and '524 Patent.

13. All conditions precedent to the institution and maintenance of this action have occurred or have been performed.

## COUNT I– DIRECT INFRINGEMENT
## AGAINST FERNO– '048 PATENT

3

14.  Plaintiff hereby incorporates and realleges the allegations contained in paragraphs 1 through 11 above.

15  This is a cause of action against FERNO pursuant to 35 U.S.C. § 271(a) and (g) for direct infringement of the '048 Patent

16.  On information and belief, FERNO provides collapsible chairs which are designed to transport people down stairs in emergency situations as disclosed and claimed in the '048 Patent, without the authorization of AOK and STRATEGIX, in violation of 35 U.S.C. § 271(a).

17.  On information and belief, FERNO offers for sale, sells and/or imports collapsible chairs produced using methods and systems disclosed and claimed in the '048 Patent, without the authorization of AOK and STRATEGIX, in violation of 35 U.S.C. § 271(g).

18.  On information and belief, FERNO'S acts of infringement are willful.

19.  On information and belief, the actions of FERNO as stated above constitute acts of direct infringement which have occurred in the Middle District of Florida, since the issuance of the '048 Patent; thereby giving rise to specific jurisdiction over FERNO.

20.  FERNO'S acts of direct infringement have damaged and will continue to damage AOK, causing irreparable harm, for which there is no adequate remedy at law. Such unlawful acts and damage will continue to occur unless enjoined by this Court.

## COUNT II– DIRECT INFRINGEMENT AGAINST FERNO – '524 PATENT

21. Plaintiff hereby incorporates and realleges the allegations contained in paragraphs 1 through 11 above.

22. This is a cause of action against FERNO pursuant to 35 U.S.C. § 271(a) and (g) for direct infringement of the '524 Patent.

23. On information and belief, FERNO provides collapsible chairs using methods and systems disclosed and claimed in the '524 Patent, without the authorization of AOK and STRATEGIX, in violation of 35 U.S.C. § 271(a).

24. On information and belief, FERNO offers for sale, sells and/or imports collapsible chairs that are produced using methods and systems disclosed and claimed in the '524 Patent, without the authorization of AOK, in violation of 35 U.S.C. § 271(g).

25. On information and belief, FERNO'S acts of infringement are willful.

26. On information and belief, the actions of FERNO as stated above constitute acts of direct infringement which have occurred in the Middle District of Florida, since the issuance of the '524 Patent; thereby giving rise to specific jurisdiction over FERNO.

27. The acts of direct infringement by FERNO have damaged and will continue to damage AOK and STRATEGIX, causing irreparable harm, for which there is no adequate remedy at law. Such unlawful acts and damage will continue to occur unless enjoined by this Court.

**PRAYER FOR RELIEF**

28. AOK and STRATEGIX requests the following relief:

A) Permanent injunctive relief enjoining all acts of infringement as provided under 35 U.S.C. § 283;

B) Compensatory damages as provided under 35 U.S.C. § 284;

C) Enhancement of damages as provided under 35 U.S.C. § 284;

D) An award of AOK and STRATEGIXS' reasonable attorneys fees and costs as provided under 35 U.S.C. § 285 and Rule 54(d), Fed.R.Civ.P.;

E) An award of prejudgment and post-judgment interest; and

F) Such other and further relief as the Court deems just, fair and appropriate.

## DEMAND FOR JURY TRIAL

29. Plaintiff hereby requests a trial by jury.

DATED this 7th day of June, 2006.

Respectfully Submitted,

BEUSSE WOLTER SANKS
MORA, & MAIRE, P.A.
390 N. Orange Avenue
Suite 2500
Orlando, Florida 32801
Telephone: (407) 926-7700
Facsimile: (407) 926-7720
E-mail: dbrodersen@iplawfl.com
Attorneys for Plaintiff

By: _____
James H. Beusse
Florida Bar No.: 471364